[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
The plaintiff brought this action on December 9, 1991. It was made returnable to the court on January 7, 1992. On December 10, 1991, the court clerk signed an order of notice directing that the complaint be mailed by certified mail, return receipt requested, restricted delivery directed to the defendant at P.O. Box 89, 87 Old Rockingham Road, Salem, New Hampshire 03079, on or before December 27, 1991. The letter was returned unclaimed.
On January 14, 1992, a motion for a prejudgment remedy was filed by the plaintiff with accompanying affidavit. These papers indicated the defendant's address as the aforesaid New Hampshire address. The letter to have been served on the defendant was returned unclaimed.
The defendant had moved from the Connecticut residence on December 14, 1989 with the parties' daughter. She took up residence at 87 Old Rockingham Road, Salem, New Hampshire. There the plaintiff located her and their daughter Rebecca on June 13, 1990.
Subsequently, the defendant moved to Gloucester, Massachusetts, in October, 1991. She maintained the New Hampshire postal box for purposes of mail involving litigation.
In June, 1992, she filed a complaint in the U.S. District Court, New Hampshire, giving as her address Suite 242, 127 Eastern Avenue, P.O. Box 8008, Gloucester, Massachusetts 01931-8008. This complaint was CT Page 4653 served on the plaintiff (Exhibit 7). Despite becoming aware of the defendant's new address, the plaintiff did not seek a subsequent order of notice.
On November 10, 1992, the plaintiff filed a motion for default for failure to appear, together with military affidavits. It was denied on February 3, 1993. Subsequently, the case was dismissed as dormant in December, 1992. On April 26, 1993, the court (West, J.) granted the plaintiff's motion to open and set aside judgment with the direction that "[p]roof of proper service on the defendant shall be provided, the pleadings closed and the case claimed for the trial list within 90 days. . . ." On July 14, 1993, the plaintiff filed a supplemental motion for default for failure to appear which was denied for the reason that "[t]here is no proof of service upon the defendant on file."
On August 30, 1993, the plaintiff filed a third motion for default for failure to appear which was granted by the court (Rodriguez, J.). The matter was then claimed for a hearing in damages before a jury.
On March 25, 1994, the defendant filed a motion to dismiss for lack of jurisdiction. She appeared with counsel on April 7, 1994, at which time the court heard testimony and took evidence from both parties.
The court finds that the defendant was not properly served in December, 1991. She was no longer in the State of New Hampshire. The plaintiff knew or should have known that she resided in the Boston area as she left messages for Rebecca on the plaintiff's answering machine, giving her telephone number, including area code. Even if the plaintiff was unaware of the defendant's whereabouts between December, 1991 and June, 1992, he knew in June, 1992 that the defendant was residing in Massachusetts from the suit filed in federal court, if not from the telephone messages.
The plaintiff also remained in frequent contact with the defendant's aunt and uncle and knew her mother's telephone number. He apparently did not seek to ascertain the defendant's address from them. Although he claims he forwarded all information he discovered to his attorney, no orders of notice by publication were sought.
The court finds that Rubin failed to take sufficient steps to locate the defendant in order to effectuate service. The court, on two occasions, ruled that there was not sufficient evidence of notice.
Therefore, the court grants the defendant's motion to dismiss. CT Page 4654
Leheny, J.